967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. MERKI, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 90-55532.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert E. Merki, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition alleging that the Parole Commission ("Commission") improperly determined his release date. Merki contends the district court erred by holding that the Commission did not violate (1) the terms of his plea agreement with the government, (2) its own rules and procedures, (3) the Sentencing Reform Act of 1984, and (4) his civil and equal protection rights when determining his presumptive parole release date. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.
 
 
 3
 We review de novo a district court's decision to deny a petition for a writ of habeas corpus. Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985). Our review of Commission decisions is limited to reviewing whether the Commission has violated the Constitution, exceeded the statutory limits on its discretion, or, in cases where it has set a parole date outside the parole guidelines, to determining whether the Commission had good cause for doing so. Wallace v. Christensen, 802 F.2d 1539, 1551-52 (9th Cir.1986) (en banc). Statutory and constitutional claims are reviewed de novo. Id.
 
 
 4
 While a fugitive from counterfeiting and bail jumping charges in Oregon and counterfeiting charges in Washington, Merki was arrested in December 1984 during a raid by federal agents on The Order, a para-military white supremacist organization. Merki and numerous other codefendants were charged in a twenty-one count indictment. Pursuant to a plea agreement, all but four counts against Merki were dismissed in exchange for a guilty plea to the remaining counts and a promise of cooperation in the government's investigation and prosecution of members of The Order.[1] The government promised to apprise the Commission as to the extent of Merki's cooperation with authorities. Pursuant to the agreement, Merki was sentenced to serve 30-years imprisonment.
 
 
 5
 At his initial parole hearing, the hearing panel recommended release after 64 months. The government informed the panel as to Merki's cooperation, as required by the plea agreement. The Regional Commissioner then referred Merki's case to the National Commissioners for original jurisdiction consideration. Following the recommendation of the Regional Commissioner, the National Commissioners established a parole guideline range of 58-92 months but then departed upward to establish a presumptive parole date after 108 months.
 
 
 6
 * Plea Agreement
 
 
 7
 The Eighth Circuit has previously rejected Merki's contention raised in a prior 28 U.S.C. § 2241 petition that the Commission's decision violates his plea agreement. Merki v. Sullivan, 853 F.2d 599, 601 (8th Cir.1988). We concur with the reasoning of the Eighth Circuit.
 
 
 8
 As the Eighth Circuit noted, "[a]lthough the plea agreement did obligate the United States Attorney to specify to the [ ] Commission those crimes in which appellant had a personal role, it did not foreclose the [ ] Commission from considering the general implications of [Merki's] association with an extremist group such as The Order." Id. at 601. In the absence of a specific provision to the contrary in a plea agreement, the Commission is free to consider information contained in a presentence report, unadjudicated allegations and/or hearsay information when determining a prisoner's release date. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990) (plea agreement no bar to Commission consideration of uncharged crimes where government agreed only not to prosecute); Vargas v. Parole Com'n, 865 F.2d 191, 195 (9th Cir.1988) (no due process violation where Commission considered unadjudicated allegations and hearsay information in determining presumptive parole date); Walker, 816 F.2d at 1317 (Commission may rely on information in presentence report when determining presumptive parole date). Therefore, the Commission did not breach the plea agreement, and the district court did not err when it denied Merki relief on this basis.
 
 II
 Procedure Followed by the Commission
 
 9
 Merki contends the Commission violated its own rules and procedures when it imposed on him the 108 month presumptive parole release date. Merki argues that the Regional Commissioner did not intend to designate his case for original jurisdiction consideration by the National Commissioners, but did so mistakenly on the recommendation form. In addition, Merki contends that improper procedures were followed by the National Commissioners in rendering their decision. Finally, Merki contends the Commission did not have good cause to sentence him outside of the applicable parole guidelines range. These contentions are without merit.
 
 
 10
 Pursuant to 28 C.F.R. § 2.24(b), a Regional Commissioner may exercise any of four options upon review of a parole hearing panel recommendation.[2] Here, the Regional Commissioner checked on the handwritten recommendation form two separate and mutually exclusive recommendations: modification of the panel recommendation to a date not to exceed six months from the panel recommendation, 28 C.F.R. § 2.24(b)(2); and designation of the case for original jurisdiction consideration by the National Commissioners, 28 C.F.R. §§ 2.17, 2.24(b)(4). Merki argues that the Regional Commissioner intended to check only the modification recommendation.
 
 
 11
 The Regional Commissioner's "Notice of Action" clearly states that Merki's case was "referred to the National Commissioners for original jurisdiction consideration." Further, the Regional Commissioner's recommendation to the National Commissioners was that Merki receive a presumptive parole release date after 108 months, far above the 64 month recommendation of the hearing panel and well outside the 6 month modification which would have been permissible under 28 C.F.R. § 2.24(b)(2). Therefore, the Regional Commissioner clearly intended to refer Merki's case to the National Commissioners for original jurisdiction consideration.
 
 
 12
 A Regional Commissioner may designate for original jurisdiction to the National Commissioners cases involving "an unusual degree of sophistication or planning, or ... a large scale criminal conspiracy or a continuing criminal enterprise." 28 C.F.R. § 2.17(a), (b)(2). Original jurisdiction cases are "based upon the concurrence of four votes, with the appropriate Regional Commissioner and each National Commissioner having one vote." 28 C.F.R. § 2.17(a). As required, four Commissioners concurred in the parole release date recommendation proposed by the Regional Commissioner. We cannot infer from an adverse decision that the National Commissioners failed to consider relevant factors in determining Merki's presumptive release date. See, e.g., Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987). Therefore, proper procedure was followed.
 
 
 13
 "[I]f the Commission has rendered a parole decision 'notwithstanding' or 'above' the guidelines, [we] may consider whether the Commission failed to show 'good cause' for doing so, but may only inquire whether that showing was arbitrary, irrational, unreasonable, irrelevant, or capricious." Id. at 1316.
 
 
 14
 Merki's parole guideline range was established at 58-92 months. The National Commissioners departed upward from this range, giving the following reasons for their decision:
 
 
 15
 [Merki] commenced the instant criminal behavior in 1981; continued involvement in criminal activity following [his] arrest in March 1982; and while in fugitive status in early 1984, [he was] recruited and became affiliated with the Order, an unusually extensive and organized criminal enterprise which was engaged in various serious criminal acts to finance its operation in furtherance of its cause.
 
 
 16
 (ER 75). The Commission's decision to depart upward was not "arbitrary, irrational, unreasonable, irrelevant, or capricious." See Walker, 816 F.2d at 1318.
 
 
 17
 Merki's argument that the Commission double-counted his offense conduct, using the same conduct to arrive at his presumptive parole date as well as to justify the upward departure from the applicable parole guidelines range, was not raised in the district court. Because Merki makes no showing of exceptional circumstances excusing his failure to raise this issue below, we decline to address it for the first time on appeal. See Eckert v. Tansy, 936 F.2d 444, 450 n. 5 (9th Cir.1991).
 
 III
 Sentencing Reform Act of 1984
 
 18
 Merki contends the Commission should have applied the parole provisions of the Sentencing Reform Act of 1984 (SRA) when calculating his presumptive release date. This contention is without merit.
 
 
 19
 We have previously held that the SRA's repeal of 18 U.S.C. § 4206, the parole statute pursuant to which Merki was sentenced, does not apply to individuals convicted before November 1, 1987. Tripati v. U.S. Parole Com'n, 872 F.2d 328, 330 (9th Cir.1989). Merki was convicted in 1985. Therefore, the SRA's repeal of section 4206 is not applicable to him, see id., and the district court did not err by denying relief on this basis.
 
 IV
 Equal Protection
 
 20
 Merki contends the Commission discriminated against him on the basis of his sex when it gave him a later presumptive parole release date than was granted his co-defendant wife. This contention is without merit.
 
 
 21
 Merki offers no basis for his equal protection argument other than the fact that his wife, who was a co-defendant in this case, received an earlier presumptive parole release date from the Commission than did Merki. We have previously held that although "similar treatment for co-defendants is among the [parole guidelines] Manual's aspirations, [it is] not among its requirements." Coleman v. Perrill, 845 F.2d 876, 879 (9th Cir.1988). The Commission's decision whether to take into account the treatment of a similarly situated co-defendant is a discretionary one not subject to our review. Id. There is no evidence that the Commission's decision was motivated by gender bias. See id. Similarly, we reject Merki's contention that the Commission violated his equal protection rights when it granted another, allegedly more culpable co-defendant an earlier presumptive release date than Merki himself received. See id.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The remaining four counts, to which Merki pleaded guilty, were: racketeering in violation of 18 U.S.C. § 1962(c); counterfeiting in violation of 18 U.S.C. § 471; conspiracy to counterfeit in violation of 18 U.S.C. §§ 371, 471-473; and failure to appear in violation of 18 U.S.C. § 3146(a)(1)
 
 
 [2]
 28 C.F.R. § 2.24(b) provides in relevant part:
 [A] Regional Commissioner may:
 (1) On his own motion, modify or reverse the recommendation of a hearing examiner panel that is outside the guidelines to bring the decision closer to (or to) the nearer limit of the appropriate guideline range; or
 (2) On his own motion, modify the recommendation of a hearing examiner panel to bring the decision to a date not to exceed six months from the date recommended by the examiner panel;
 (3) Return the case to the institution for a rehearing, provided that a notice of action is sent to the prisoner specifying the purpose of the rehearing;
 (4) Designate the case for the original jurisdiction of the Commission pursuant to § 2.17.