967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David John MILLER, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. 91-56354.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1992.*
Decided July 10, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 David J. Miller, appearing pro se in this pre-Sentencing Guidelines case, appeals the district court's denial of his writ of habeas corpus challenging the decision of the United States Parole Commission ("the Commission") to deny him parole and set his time of incarceration at 128 months. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 4
 In late 1972 or early 1973, Miller, then a graduate student at the University of Cincinnati, developed a Colombian "connection" that he parlayed into a large-scale marijuana smuggling operation worth tens of millions of dollars. The details of that operation are unimportant here; suffice it to say that it involved a conspiracy of some 24 individuals linked in an extensive chain of command, lasted until at least June 1981, and earned Miller a fortune. The operation imported an estimated total of 200,000 pounds of marijuana, of which Miller himself was responsible for 80,000 pounds, and produced profits estimated at $15 million. Law enforcement agents characterized Miller as the organizer and "lifeline" of the conspiracy, although Miller denies this characterization.
 
 
 5
 On May 5, 1982, Miller and members of his conspiracy were named in a 20-count indictment. Miller was charged with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, various counts of conspiracy, importation, and possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 952, one count of conspiracy to violate currency laws in violation of 18 U.S.C. § 371, and three counts of transporting currency abroad without filing the required transaction reports in violation of 31 U.S.C. §§ 1059 and 1101 (current versions at §§ 5322(b) and 5316 respectively). Miller had by this time moved to Holland; agents caught up with him and arrested him there on June 15, 1984. On October 9, 1984, Miller pleaded guilty to one count of conspiracy to import marijuana in violation of 21 U.S.C. § 963, two counts of filing false income tax returns in violation of 26 U.S.C. § 7206(1), and one count of failing to report monetary instruments in violation of 31 U.S.C. § 5316. He was sentenced to 16 years imprisonment.[1]
 
 
 6
 Miller's initial parole hearing was held in August 1987. The Commission rated the severity of Miller's offense as category 6, based on the fact that the offense involved in excess of 20,000 pounds of marijuana and based on Miller's nonperipheral role in the offense. Because Miller had no previous criminal record other than a minor marijuana possession violation, he received a salient factor score of 9 ("very good"). The parole guidelines, 28 C.F.R. § 2.20, indicated that an inmate with these scores ordinarily should serve 40 to 52 months before being paroled. However, the Commission ordered that Miller serve 128 months.[2] It based this conclusion on three factors: the large amount of marijuana smuggled by Miller's organization, "several times the base amount required for category six," Miller's role as head of the organization, and the nine-year duration of Miller's criminal conduct.
 
 
 7
 Following an unsuccessful appeal to the Commission's National Appeals Board, Miller filed the instant petition for habeas relief. The petition was denied by the district court and this timely appeal followed.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 8
 We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a writ of habeas corpus. However, the scope of our review of the Commission's parole decisions is exceedingly narrow. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). In particular, where, as here, the Commission renders a parole decision above its own guidelines, we may consider whether the Commission showed good cause for so doing, but must limit our inquiry to whether that showing was arbitrary, irrational, unreasonable, irrelevant or capricious. Id.; see Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). We also may review the Commission's actions to determine whether the Commission violated its own regulations, see Roberts v. Corrothers, 812 F.2d 1173, 1179-80 (9th Cir.1987), so long as the regulations at issue are binding and not merely precatory, Coleman v. Perrill, 845 F.2d 876, 879 (9th Cir.1988). We lack jurisdiction to review the Commission's determinations with regard to reliability of evidence properly before it. See Walker, 816 F.2d at 1317; Roberts, 812 F.2d at 1179-80.
 
 
 9
 The government contends that the issues presented by Miller are unreviewable. This contention is erroneous. Although the Commission had discretion to consider such factors as it did in determining Miller's parole eligibility, its exercise of that discretion was not, as the government would have it, "a judgment among a range of possible choices and options relating to the severity of [a prisoner's] offense" and therefore not subject to review. See Wallace, 802 F.2d at 1553. The Commission did not choose within the range of its own guidelines for offense severity, but went beyond those guidelines. Such a decision may be reviewed according to the standards set forth above to determine whether the Commission showed good cause for departure, id. at 1551, and whether it violated its own binding regulations. Coleman, 845 F.2d at 878-79.
 
 III.
 DISCUSSION
 A. Double Counting
 
 10
 The statutory framework for this case is provided by 18 U.S.C. § 4206 and associated regulations 28 C.F.R. § 2.20.[3] To exceed a prisoner's parole guidelines, the Commission must have good cause and must adequately explain in writing the reasons for its departure. 18 U.S.C. § 4206(c); Walker, 816 F.2d at 1315.
 
 
 11
 Miller's position is that the Commission acted arbitrarily and without good cause. The thrust of his various arguments is that the Commission based its determination of the severity of Miller's offense on the same three factors--the amount of marijuana, Miller's leadership role, and the duration of the offense--that it used to justify its departure beyond the parole guidelines range. This so-called double counting, Miller argues, is impermissible under the law of most circuits, see, e.g., Maddox v. United States Parole Comm'n, 821 F.2d 997, 1000-01 (5th Cir.1987), and should be so held by this court.
 
 
 12
 We have not yet squarely faced the issue whether double counting should be considered impermissible. Coleman, 845 F.2d at 879. We need not do so here, inasmuch as no double counting took place.
 
 
 13
 Miller's arguments purporting to show double counting are founded on the assumption that the parole guidelines' mere mention of a factor such as drug quantity or leadership role forecloses further consideration of the same factor as a basis for departure from the guidelines regardless of the degree to which the factor may be present. This assumption is mistaken. Although the guidelines specify that amounts of marijuana over 20,000 pounds give rise to an offense severity of category 6, there is necessarily some amount of marijuana beyond 20,000 pounds that the guidelines did not contemplate. Despite Miller's contention to the contrary, this amount need not bear any set mathematical relationship to 20,000 pounds. Similarly, although the guidelines specify that a nonperipheral role, which this court has interpreted as a "proprietary" or "managerial" role, Roberts, 812 F.2d at 1180, is a requirement for category 6 classification, there is some degree of leadership that goes beyond merely being in a managerial proprietary role. As for the duration of Miller's offense, it is not, as Miller would have it, ultimately reducible to the amount of marijuana smuggled by the conspiracy. Rather, it reflects the overall scope of Miller's criminal activity, scope sufficient to give rise to the continuing criminal enterprise charge in Miller's indictment.
 
 
 14
 Miller's attempt to undermine the basis of the Commission's decision one factor at a time is misguided. The three factors cited by the Commission must be considered all together and in light of the totality of the circumstances of the case. The factors taken together provide an appropriate basis for departure regardless of whether any one of them alone would suffice. The factors represent the Commission's principal reasons for departure; it could well have added additional factors, for example, Miller's unrepentant attitude, his Swiss bank accounts, or his flight to Holland to escape justice, but it was not required to do so. The sheer scope of Miller's criminal activity speaks for itself.
 
 
 15
 In sum, Miller founded, organized, and led an unusually large and highly successful international smuggling operation. The Commission could and did properly take this into account in making its parole determination. See, e.g., Sotelo v. Hadden 721 F.2d 700, 702 (10th Cir.1983).
 
 B. Unreliable Information
 
 16
 Miller contends that the Commission violated its own regulations in reaching its parole decision. Specifically, he asserts that the Commission failed to cite credible sources or to marshall reliable evidence that Miller held a leadership role in the conspiracy. He points to Commission regulations requiring the Commission to ascertain the sources and reliability of the information on which it bases its parole decisions, Roberts, 812 F.2d at 1180; see 28 C.F.R. § 2.19(c), and notes that the Commission is bound by its own regulations so long as such regulations remain in force. Wallace v. Christensen, 802 F.2d at 1552 n. 8 (citing United States ex rel Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954)).
 
 
 17
 For the most part, the Commission based its determination that Miller was the leader of the criminal organization on two documents, a presentence report and a Form USA-792 prepared by the assistant U.S. Attorney prior to Miller's sentencing. This was proper. The Commission is authorized to consider presentence reports in making a parole determination. 18 U.S.C. § 4207(3); 28 C.F.R. § 2.19(c). The presentence report derived its information as to Miller's leadership role from the credible reports of investigating agents: "According to agents in charge of this investigation, the defendant is considered to be the main facilitator or coordinator of the conspiracy[,] [a]lthough it was acknowledged that Mr. Miller could not be completely responsible for all facets of the conspiracy and that some codefendants acted independently of Miller." There is nothing in the report to suggest any doubt as to Miller's leadership role.
 
 
 18
 Miller's contention that the presentence report cited only the words of the investigative agents and the indictment itself and failed to list or describe in any manner actual sources or established facts is premised on unrealistic notions of what constitutes "actual sources or established facts." In a plea-bargained case such as this, the investigation and the indictment are likely to be the primary sources of information regarding the facts of the case. The standard to which the Commission is held in cases of disputed facts is a preponderance of the evidence. 28 C.F.R. § 2.19(c). The Commission easily met that standard here.
 
 
 19
 Finally, Miller urges that the Commission's consideration of the Form USA-792 was improper because the form contains no attribution of sources. However, it is apparent that the form was based on the presentence report, and that its information therefore derived from the same sources, namely, the investigating agents.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The charges to which Miller pleaded guilty arose from the original indictment, a superseding indictment filed July 25, 1984, and a separate indictment on tax fraud charges. Pursuant to his plea agreement, Miller has paid $1.75 million forfeiture to the government in cash and assets
 
 
 [2]
 The panel that initially heard Miller's case rendered a split decision, with one examiner recommending that Miller serve 128 months and the other that he serve 96 months. The Regional Commissioner adopted the 128-month recommendation
 
 
 [3]
 The repeal, effective Nov. 1, 1986, of 18 U.S.C. §§ 4201-4218 pursuant to the Sentencing Reform Act of 1984 does not affect this case. Pub.L. 98-473, tit. II, §§ 218(a)(5), 235(a)(1), 235(b)(1)(A), 98 Stat. 2027, 2031, 2032 (Oct. 12, 1984)