988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gaspar CAMACHO-SANCHEZ, Petitioner-Appellant
v.
U.S. PAROLE COMMISSION, Respondent-Appellee
 No. 92-35104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1993.*
Decided Feb. 17, 1993.
 
 Appeal from the United States District Court For the District of Oregon; No. CV-91-920-FR, Helen J. Frye, District Judge, Presiding.
 AFFIRMED.
 Before: D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gaspar Camacho-Sanchez ("Camacho-Sanchez") appeals the district court's denial of his petition for a writ of habeas corpus, under 18 U.S.C. § 2241 (1988). Camacho-Sanchez filed the petition pro se, after exhausting his appeals with the United States Parole Commission ("the Commission"), which decided in May 1991 that he would remain incarcerated for the duration of his sentence despite a guideline recommendation which would have allowed for his parole.
 
 
 3
 Camacho-Sanchez argues that the Commission's decision is invalid because it used the same factors to calculate his guideline-recommended parole date as to justify exceeding the guideline-recommended date--so-called "double-counting." We affirm the district court's denial of the habeas petition, finding that the Commission did not double-count in this case.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Camacho-Sanchez is currently incarcerated at the Federal Corrections Institution at Sheridan, Oregon, having been convicted of possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). He has served nearly seven years of a 20-year sentence, and, thus, is eligible for parole because he has served one-third of his pre-Sentencing Guidelines sentence.
 
 
 5
 Because the gravamen of the petition is Camacho-Sanchez' claim that the Commission improperly calculated his parole date, we discuss that calculation in some detail here. According to the parole guidelines, a prisoner's parole date is to be calculated using an "offense severity rating" and a "salient factor score." 28 C.F.R. § 2.20. See also, 18 U.S.C. § 4206.[1]
 
 
 6
 The first variable consists of a score, on a scale of one (low) to eight (high), indicating the seriousness of the conviction offense. The Commission assigned Camacho-Sanchez an offense severity rating of six points for his drug distribution conviction based on the substance involved (heroin) and the amount of narcotics involved (between 50 and 999 grams).
 
 
 7
 The second variable is the salient factor score, a scale from zero (high risk) to 10 (low risk), which predicts the prisoner's risk of parole violation by considering the following six factors: (1) the number of convictions prior to the current offense; (2) the number of prior commitments of more than 30 days; (3) the prisoner's age at the time of the current offense or whether the prisoner has five or more prior commitments; (4) whether the prisoner was last released less than three years prior to the current offense; (5) whether the prisoner was on probation or parole at the time of the current offense; and, (6) whether the prisoner has any record of heroin or opiate dependence. The Commission assigned Camacho-Sanchez a salient factor score of two.
 
 
 8
 With an offense severity rating of six and a salient factor score of two, the Commission's guidelines recommend that the prisoner be paroled after serving 78 to 100 months. Instead, the Sheridan parole board recommended no parole--that Camacho-Sanchez serve his full sentence. The Regional Parole Board affirmed this decision, stating the following:
 
 
 9
 [A] decision above the guidelines appears warranted because [Camacho-Sanchez'] offense behavior involved the following aggravating factors: the current offense represents your fourth drug conviction. Also, you have violated parole on a previous sentence. Furthermore, you have a 20 year history of drug abuse which is related to your criminal record.
 
 
 10
 Camacho-Sanchez unsuccessfully appealed to the National Appeals Board. Petitioner then brought this action for writ of habeas corpus which was denied by the district court.
 
 II. STANDARD OF REVIEW
 
 11
 This court reviews the denial of a habeas corpus petition de novo. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam). Yet the scope of this court's review of Parole Commission decisions is extremely narrow. Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). This court may review, however, parole decisions which exceed the Commission's own guidelines for parole release in order to determine whether or not they were based on "good cause" as required by 18 U.S.C. § 4206(e). Id. "A showing of good cause requires that the Commission advance [on the basis of] good faith reasons that are not 'arbitrary, irrational, unreasonable, irrelevant or capricious.' " Coleman v. Perrill, 845 F.2d 876 (9th Cir.1988).
 
 III. DISCUSSION
 
 12
 This circuit has not ruled definitively on whether or not double-counting is permitted in the context of parole decisions.[2] See Coleman, 845 F.2d at 879 (noting split in Ninth Circuit regarding double-counting). In Torres-Macias v. United States Parole Commission, this court said in dicta that the circuit "[does] not follow the general rule" against double-counting. Torres-Macias, 730 F.2d 1214, 1218 (9th Cir.1984).
 
 
 13
 In Walker, however, this court said that failure to follow the rule against double-counting "would completely eviscerate the statutory requirement of 'good cause.' " Walker, 816 F.2d at 1316. Since both the Torres-Macias and Walker statements on double-counting are dicta, there is no clear circuit rule on double-counting by the Commission. We need not settle the issue today, however, because we find that no such double-counting occurred in this case.
 
 
 14
 The Commission gave three reasons for exceeding the guideline recommendation for parole release: (1) "the current offense represents [petitioner's] fourth drug conviction;" (2) the petitioner "[has] violated parole on a previous sentence;" and, (3) the petitioner "[has] a 20 year history of drug abuse which is related to [his] criminal record." These reasons readily are distinguishable from those factors used to calculate the guideline recommendation (based on the offense severity rating and the salient factor score).
 
 
 15
 The first reason is not duplicative because, while one of the factors considered in setting the salient factor score was the number of prior commitments, this reason considers the nature of those commitments--e.g., that they were narcotics-related. Similarly, the second reason appears to consider a past parole violation (in 1957), while the salient factor score considers the fact that Camacho-Sanchez' violated parole when he committed the current offense. The third reason given for exceeding the guideline-recommended parole date is that the petitioner has "a 20-year history of drug abuse which is related to [his] criminal record." While this is similar to consideration of his "history of opiate dependence" it is qualitatively different in linking this addiction to the offense behavior. Since this connection could have substantial bearing on the petitioner's parole risk, the distinction does not constitute double-counting.
 
 
 16
 In sum, the Commission's reasons for exceeding the guideline-recommended parole release date were not the same as those used to calculate the guideline date itself. Thus, they constitute "good faith reasons" which are not arbitrary or unreasonable, and so we decline to upset the Commission's finding. We affirm the district court's denial of Camacho-Sanchez' habeas petition.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The repeal of 18 U.S.C. §§ 4201-4218, effective November 1, 1986, pursuant to the Sentencing Reform Act of 1984, does not affect this case. Pub.L. 98-473, Tit. II, §§ 218(a)(5), 235(a)(1), 235(b)(1)(A), 98 Stat. 2027, 2031, 2032 (Oct. 12, 1984)
 
 
 [2]
 Five other circuits have condemned double-counting by the U.S. Parole Commission. See Caporale v. Gasele, 940 F.2d 305, 307 (8th Cir.1991); Maddox v. United States Parole Commission, 821 F.2d 997, 1001 (5th Cir.1987); Harris v. Martin, 792 F.2d 52, 54-55 (3rd Cir.1986); Castaldo v. United States Parole Commission, 725 F.2d 94, 96 (10th Cir.1984); Alessi v. Quinlan, 711 F.2d 497, 500 (2nd Cir.1983)