57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert Lewis FULTZ, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 94-55184.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided June 9, 1995.
 
 1
 Before: BROWNING and BEEZER, Circuit Judges, and JONES, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert Lewis Fultz appeals the district court's order dismissing with prejudice his petition for a writ of habeas corpus, which challenged the United States Parole Commission's decision to revoke his special parole and to sentence him to 30 months imprisonment. Fultz contends that the Commission (1) relied on false information in revoking his special parole on a charge of battery; (2) violated due process in revoking special parole on grounds of excessive alcohol use and failure to participate in alcohol abuse aftercare; (3) failed to give him written notice of the charges and potential penalties if found guilty of violating the special parole term; and (4) imposed an excessive sentence. We have jurisdiction over Fultz's timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 PROCEEDINGS BELOW
 
 4
 In 1978, Fultz was sentenced to five years imprisonment and a special parole term of 10 years for conspiracy to possess a controlled substance with the intent to distribute and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Fultz began special parole in 1984.
 
 
 5
 In 1987 and again in 1990, the Commission revoked Fultz's special parole. In December 1991, the probation office submitted a violation report concerning an incident on September 19, 1991, in which Fultz's girlfriend, Regina Smith, complained that Fultz had assaulted her. Fultz was arrested the same day and transported to a detoxification unit, where he was detained for four hours.
 
 
 6
 In January 1992, the Commission issued a warrant application charging Fultz with battery, excessive use of alcohol, and failure to participate in the required alcohol aftercare program. After receiving a report that Fultz committed a second battery on Ms. Smith on February 13, 1992, the Commission supplemented the warrant application with an additional charge of battery and a charge of failure to report for parole supervision.
 
 
 7
 In a preliminary interview following his arrest, Fultz denied drinking to excess or assaulting Smith on September 19, 1991. He also denied inflicting injury on Smith on February 13, 1992, and claimed that she had admitted falsifying information in the police report. Fultz denied all other charges.
 
 
 8
 In July 1992, Fultz was notified in writing that the regional commissioner had found probable cause on the following charges:
 
 1 (A) BATTERY
 
 9
 (B) EXCESSIVE USE OF ALCOHOL
 
 2 VIOLATION OF SPECIAL CONDITION (ALCOHOL)
 
 10
 3 INFLICT CORPORAL INJURY ON SPOUSE/COHABITANT
 
 
 11
 4 FAILURE TO REPORT TO PROBATION OFFICER AS DIRECTED
 
 
 12
 The Commission informed Fultz that it had ordered a hearing to determine whether his release should be revoked, and that it intended to subpoena Smith, her mother, Mary Lofton, and a police officer as adverse witnesses. Fultz was provided copies of the documents on which the warrant was based, including the preliminary interview report, the two letters from Fultz's probation officer, and the September 1991 police report.
 
 
 13
 Fultz was represented by counsel at the revocation hearing. Smith, Lofton, and two other witnesses were present. Smith testified that she had lied to the police on February 13, 1992. Smith also testified that Fultz struck her on September 19, 1991. Fultz admitted drinking on September 19, 1991, but denied drinking to excess. He also admitted that after he failed to provide a urine specimen to his probation officer in December 1991, he stopped reporting for supervision.
 
 
 14
 The hearing panel concluded that there was sufficient evidence to find Fultz guilty on all charges except Charge #3, which related to the February 13, 1992, assault. The Commission revoked Fultz's special parole for a term of 30 months, deciding that a sentence in excess of the guideline range was warranted because this was his third violation of special parole.
 
 
 15
 The full Commission affirmed that decision in November 1992. In March 1993, Fultz asked the Commission to reopen his case based on "new and favorable" written statements from Smith and Lofton recanting their testimony concerning the September 19, 1991, incident. After a "careful review" of the new evidence, the Commission declined to reopen the case. Fultz then filed his petition for habeas relief.
 
 STANDARDS OF REVIEW
 
 16
 We review the district court's dismissal of a petition for writ of habeas corpus de novo. Jones v. United States, 783 F.2d 1477, 1479 (9th Cir.1986).
 
 
 17
 Our review of the Commission's parole decisions is narrow in scope. Wallace v. Christensen, 802 F.2d 1539, 1552 (en banc ) (9th Cir.1986). Decisions involving the exercise of judgment among a range of possible choices or options are unreviewable. Coleman v. Perrill, 845 F.2d 876, 878 (9th Cir.1988). The court may review whether the Commission "has acted outside its statutory authority or has violated the Constitution." Id. In reviewing the record for a constitutional violation, the court "is confined to the record before the Commission and limited to a search for 'some evidence' in support of the decision." Kramer v. Jenkins, 803 F.2d 896, 901, remanded on other grounds, 806 F.2d 142 (7th Cir.1986).
 
 
 18
 We defer to the Commission's interpretations of its own regulations unless the interpretation is plainly erroneous or inconsistent with the regulations. Udall v. Tallman, 380 U.S. 1, 16-17 (1965). The district court's factual determinations are reviewed for clear error. Maine v. Taylor, 477 U.S. 131, 144-45 (1986).
 
 DISCUSSION
 1. Evidence Supporting the Battery Charge
 
 19
 Fultz contends that the Commission improperly relied upon false information in revoking his parole based on the September 1991 incident of battery; specifically, Smith's reports and testimony that he hit her. Fultz relies on Smith's and Lofton's March 1993 statements recanting their earlier statements.
 
 
 20
 Credibility determinations and the evaluation of evidence are almost entirely within the Commission's discretion. See, e.g. Roberts v. Corrothers, 812 F.2d 1173, 1179 (9th Cir.1987) ("credibility of evidence is just the sort of judgment that is absolutely committed to the discretion of the Parole Commission"). Smith's veracity was the primary issue at Fultz's revocation hearing. The hearing panel based its finding on the September 1991 battery charge on Smith's direct testimony that Fultz hit her and the related police report. Although at the revocation hearing Smith admitted falsifying her report of the February 1992 incident, she did not recant her version of the September 1991 incident.
 
 
 21
 Thus, there was "some evidence" before the Commission to support its original decision to revoke parole based on the battery charge. Kramer, 803 F.2d at 901. Smith's later recantation supports Fultz only to the extent that it casts doubt on the credibility of her original testimony. The Commission has already assessed the credibility of Smith's recantation: after "careful review" of the new evidence, it concluded that the original revocation decision should stand. This court must defer to the Commission's decision. See Moore v. Dubois, 848 F.2d 1115, 1119 (10th Cir.1988) (holding that Parole Commission was entitled to determine whether original testimony or retraction was more credible); see also Roberts, 812 F.2d at 1179.[1]
 
 2. Notice of Alcohol Violations
 
 22
 Fultz asserts that he was not properly notified of the alcohol related charges and was not allowed to present evidence challenging the charges.
 
 
 23
 18 U.S.C. Sec. 4214(a)(2)(D) requires that a parolee must be "apprised of the evidence against him, and, if he so requests, to confront and cross-examine adverse witnesses...." Fultz was given notice of the charges and evidence against him and was given the opportunity to refute the charges. The district court did not clearly err in finding that Fultz was given proper notice and an opportunity to defend.
 
 
 24
 Fultz also asserts that the Commission failed to follow proper procedures and violated its own rules in that "it simply forgot to hear the two separate alcohol related charges." Fultz characterizes 28 C.F.R. Sec. 2.50 as mandating that the hearing board must hear the parolee's explanation and defense "to each charge." The regulation contains no such requirement.[2] Moreover, even if the Commission failed to hear the alcohol charges and the omission constitutes error, the error, if any, was harmless because Fultz's parole was revoked based on other violations in addition to the alcohol-related charges. See, e.g., Kartman v. Parratt, 535 F.2d 450, 454 (8th Cir.1976).
 
 
 25
 3. Notice of Possible Sentence Above Guidelines
 
 
 26
 The Commission considered Fultz's third parole violation to be an aggravating factor justifying an upward departure in his sentence. Fultz characterizes this as a "new charge" and argues that he was entitled to written notice of it under 18 U.S.C. Sec. 4213(c).
 
 
 27
 Due process does not require prehearing notice of the possible aggravating factors the Commission might use to exceed the guideline range. See Bowles v. Tennant, 613 F.2d 776, 778-79 (9th Cir.1980) (petitioner not entitled to prehearing notice that Commission would consider the violent nature of the robberies in rating the severity of petitioner's related offenses). What is required is that the Commission's decision to exceed the guidelines is not arbitrary or capricious. Coleman v. Perrill, supra, 845 F.2d at 878. Fultz was informed of the basis for the Commission's decision to exceed the guidelines in the revocation summary, in time for Fultz's administrative appeal. That was sufficient. See Bowles, 613 F.2d at 779.
 
 
 28
 4. Revocation of Special Parole and 30 Month Sentence
 
 
 29
 Fultz argues that the forfeiture of his street time credit upon revocation of special parole and the 30 month sentence constitute excessive punishment prohibited by the Eighth Amendment to the United States Constitution.
 
 
 30
 Fultz's street time credit properly was revoked under 21 U.S.C. Sec. 841(c), which although repealed applies to Fultz's sentence.[3] Under 21 U.S.C. Sec. 841(c), "the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole."
 
 
 31
 This court and other Circuits have rejected similar constitutional challenges to the special parole provisions of section 841. See, e.g. United States v. Tebha, 770 F.2d 1454, 1457-58 (9th Cir.1985) (rejecting district court's proposition that mandatory special parole term is unconstitutional); United States v. Arellanes, 767 F.2d 1353, 1358-59 (9th Cir.1985) (statute authorizing special parole term "as long as life" does not violate due process clause); United States v. Martinez, 481 F.2d 214, 221 (5th Cir.1973) (special parole provisions do not violate due process and cruel and unusual punishment clauses of the constitution). The length of Fultz's special parole term is directly attributable to his inability to abide by the conditions of his special parole, and his constitutional challenge is without merit.
 
 
 32
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Fultz also contends that the Commission violated 28 C.F.R. Sec. 2.19(c), which requires it to ascertain the sources and reliability of information upon which it bases its parole or reparole decisions. The sources of the information before the Commission were clear, and the reliability of that information is a matter left to the Commission's discretion. See Roberts, 812 F.2d at 1180
 
 
 [2]
 28 C.F.R. Sec. 250(b) provides: "The alleged violator may present witnesses, and documentary evidence in his own behalf. However, the presiding hearing officer or examiner panel may limit or exclude any irrelevant or repetitious statement or documentary evidence."
 
 
 [3]
 The Sentencing Reform Act of 1984, which became effective on November 1, 1987, substituted supervised release for special parole. See 21 U.S.C. Sec. 841(b)(1)(B). The provisions of the 1984 Act do not apply to Fultz because he originally was sentenced before the effective date. See United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987)