**William J. WALKER,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 86–2337.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 1987.
Decided May 5, 1987.

William Walker, pro se.

Adam H. Kurland, Fresno, Cal., for respondent-appellee.

Before HUG, NELSON and NOONAN, Circuit Judges.

PER CURIAM:

Walker, an inmate at the federal penitentiary at Lompoc, California, appeals *pro se* from the district court's denial of his 28 U.S.C. § 2255 petition. Walker's suit challenged a decision of the United States Parole Commission ("the Commission") setting a presumptive parole date. The panel unanimously votes to have the case submitted without oral argument. We affirm.

## I. BACKGROUND

Walker pleaded guilty to one count of bank robbery under 18 U.S.C. § 2113(a) (1982). A second count of armed bank robbery was dismissed. On September 26, 1983, the district court sentenced Walker to a twenty-year term subject to 18 U.S.C. § 4205(b)(2) (1982), which provides that "the prisoner may be released on parole at such time as the Commission may determine."

The Commission's parole guidelines set forth presumptive parole ranges based on two variables. 28 C.F.R. § 2.20 (1985). The first variable is the "severity of the offense behavior," which on a scale of 1 (low severity) to 8 (high severity) ranks the offense for which the prisoner was convicted. The second variable, the salient factor score, predicts the risk of parole violation on a scale of 0 (high risk) to 10 (low risk). The salient factor score is based on six elements: (1) the number of prior convictions other than the current offense, (2) the number of prior commitments of more than thirty days, (3) the prisoner's age at the time of the current offense or whether the prisoner has five or more prior commitments, (4) whether the prisoner was last released less than three years prior to the current offense, (5) whether the prisoner was on probation or parole at the time of the current offense, and (6) whether the prisoner has any record of heroin or opiate dependence. Based on these two variables, the guidelines indicate presumptive parole dates for cases with "good institutional adjustment and program progress." *Id.* § 2.20(b).

The regulations further state: "These time ranges are merely guidelines. Where the circumstances warrant, decisions outside of the guidelines (either above or below) may be rendered." *Id.* § 2.20(c). The governing statute similarly provides: "The Commission may grant or deny release on parole notwithstanding the guidelines ... if it determines there is good cause for so doing: *Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination...." 18 U.S.C. § 4206(c) (1982).

At Walker's initial parole hearing on July 10, 1985, his offense behavior rating of 5 and his salient factor score of 0 indicated a presumptive parole range of 60 to 72 months. The Commission, however, determined that Walker should receive a presumptive parole date of 120 months. The Commission explained:

> After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a more serious risk than indicated by your salient factor score in that you have a 15–year history of drug use that is related to your criminal behavior which includes a previous bank robbery conviction (1978) in which a gang of organized bank robbers were involved in five separate robberies and a gun was used in four of them, and you have a pending armed robbery charge. In addition, your performance after being released on bond on the instant offense was considered poor and as a result a warrant had to be issued for your arrest. Further, your offense involved the following aggravating factors: during one of the robberies, a weapon was held on the tellers; and during both robberies,

you wore a ski mask and jumped over the counters to retrieve the money.

Having properly exhausted his administrative remedies, *see Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir.1983) (per curiam), Walker filed this § 2255 habeas action in district court.

## II. DISCUSSION

■■■ This court reviews the denial of a § 2255 petition de novo. *United States v. Quan,* 789 F.2d 711, 713 (9th Cir.1986). The scope of judicial review of the Commission's parole decision, however, is exceedingly narrow. Judgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion. *Wallace v. Christensen,* 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). If "the Commission's decision involves the exercise of judgment among a range of possible choices or options," it is unreviewable. *Id.* at 1552. But a decision that "involves a plain violation of a matter which does not admit of discretion and choice" (such as the failure to follow certain statutory requirements) is reviewable. *Id.* at 1551–52. For instance, if the Commission has rendered a parole decision "notwithstanding" or "above" the guidelines, a court may consider whether the Commission failed to show "good cause" for doing so, but may only inquire whether that showing was arbitrary, irrational, unreasonable, irrelevant, or capricious. *Id.* at 1551; *see Bowen v. U.S. Parole Comm'n,* 805 F.2d 885, 888 (9th Cir.1986). Finally, a court may consider constitutional challenges and determine whether the Commission's action was so arbitrary as to violate due process. *Wallace,* 802 F.2d at 1552.

Walker first argues that the Commission did not comply with the regulations and violated the due process and equal protection clauses by allegedly using the same information to arrive at the presumptive parole date as to go above it. *See, e.g., Lynch v. United States Parole Comm'n,* 768 F.2d 491, 496 (2d Cir.1985); *Briggs v. United States Parole Comm'n,* 736 F.2d 446, 450 (8th Cir.1984). *But cf. Torres-Ma-*

*cias v. United States Parole Comm'n,* 730 F.2d 1214, 1218 (9th Cir.1984) (stating in dictum that this circuit does not follow the general rule prohibiting reconsideration of offense severity or salient factor score to justify a decision above the guidelines). As in *Torres-Macias,* we need not decide whether we would adopt the narrow "double-counting" rule followed in other circuits, though we note that failure to do so would completely eviscerate the statutory requirement of "good cause." *See Reynolds v. McCall,* 701 F.2d 810, 813–14 (9th Cir.1983) (using circumstances surrounding current offense to justify a decision above the guidelines); *O'Brien v. Putnam,* 591 F.2d 53, 55–56 (9th Cir.1979) (same). Here, as in *Torres-Macias,* the arguments of the petitioner are groundless, because the Commission did not use the same information twice. *See Torres-Macias,* 730 F.2d at 1218.

■■■ The Commission did not engage in double-counting when it considered the nature and circumstances of Walker's prior involvement in a string of gang robberies in which weapons were used, because the first element of the salient factor score rests only on the number of prior convictions, not on their nature or chronology. *Stroud v. United States Parole Comm'n,* 668 F.2d 843, 846–47 (5th Cir.1982); *see Castaldo v. United States Parole Comm'n,* 725 F.2d 94, 95–96 (10th Cir.1984) (per curiam); *see also Wallace,* 802 F.2d at 1551 (noting that the Commission's interpretation of its guidelines is entitled to deference). Nor did the Commission double-count when it considered Walker's poor performance while on bail for the current offense as a factor distinct from the severity of the current offense itself. *See* 28 C.F.R. § 2.20, at ¶ 617(a) (providing for the addition of 6 to 12 months for failure to appear for criminal proceedings).

■■■ In addition, Walker's argument that the offense behavior rating for the current offense necessarily subsumes any "aggravating circumstances" of that offense is incorrect. The regulations state that "aggravating circumstances in a particular

case may justify *a decision or a severity rating* different from that listed." *Id.* § 2.20(d) (emphasis added); *see Torres-Macias,* 730 F.2d at 1217–18; *O'Brien,* 591 F.2d at 55–56; *Solomon v. Elsea,* 676 F.2d 282, 286–87 (2d Cir.1982) (per curiam). Thus, as § 2.20(d) indicates, aggravating circumstances may be used either to justify a decision above the presumptive parole range for an offense severity rating of 5 or to increase an offense severity rating from 5 to 6. *Compare O'Brien,* 591 F.2d at 55–56 (using aggravating circumstances of current offense to justify a decision above the guidelines), *with Grattan v. Sigler,* 525 F.2d 329, 331 (9th Cir.1975) (per curiam) (using aggravating circumstances of current offense to raise the offense behavior rating). Both paths can achieve the same result.

Therefore, Walker's argument that the Commission used the same information twice lacks a factual basis. Accordingly, Walker's arguments based on double-counting fail. Any challenge to the merits of the Commission's decision also falls short. Based on the reasons given, the determination that "good cause" existed to go above the guidelines was not arbitrary or irrational. *See Wallace,* 802 F.2d at 1551. This court lacks jurisdiction to scrutinize the decision any more closely. *See Roberts v. Corrothers,* 812 F.2d 1173, 1179–81 (9th Cir.1987); *Wallace,* 802 F.2d at 1552.

■ Second, Walker argues that the Commission failed to consider his record of good institutional adjustment, which he argues entitles him to an early parole date under 18 U.S.C. § 4205(b)(2). A sentence under § 4205(b)(2) does not require that a prisoner be scheduled for any particular parole date, even assuming good institutional behavior. *United States v. Wickham,* 618 F.2d 1307, 1312 (9th Cir.1980); *Izsak v. Sigler,* 604 F.2d 1205, 1207 (9th Cir.1979). Parole determinations for prisoners sentenced under § 4205(b)(2) are governed by the parole guidelines. *See id.* Although good institutional behavior is a factor, its existence does not necessarily outweigh adverse factors. *Id.* A court cannot infer from an adverse parole deci-

sion that the Commission did not consider Walker's institutional behavior. *Nunez-Guardado v. Hadden,* 722 F.2d 618, 624 (10th Cir.1983); *see Petrone v. Kaslow,* 603 F.2d 779, 780 (9th Cir.1979) (per curiam).

■ Indeed, the record indicates that Walker's behavior was considered. At the initial parole hearing, the examiners are required to discuss with the prisoner his institutional conduct. *See* 28 C.F.R. § 2.13(a). The record indicates that this information was before the Commission, and the Commission's Notice of Action indicates that it was considered. In fact, a satisfactory institutional record is assumed in the Commission's presumptive parole ranges, *see id.* § 2.20(b), and is a prerequisite to any grant of parole. *See id.* §§ 2.6, 2.12(d), 2.18; 18 U.S.C. § 4206(a). However, the weight accorded this factor is within the Commission's discretion and is therefore unreviewable. *Roberts,* 812 F.2d at 1176; *Wallace,* 802 F.2d at 1551; *see Allen v. United States Parole Comm'n,* 671 F.2d 322, 324 (9th Cir.1982).

■ Finally, Walker argues that the aggravating factors of the use of a gun and ski masks were not established by a preponderance of the evidence. *See* 28 C.F.R. § 2.19(c). This standard does not, as Walker implies, apply to each item of information, but instead to the evidence taken as a whole. *Roberts,* 812 F.2d at 1179. The Commission did not act beyond its discretion by considering the presentence report, which may serve as a basis for its decision. *See id.; Anderson v. United States Parole Comm'n,* 793 F.2d 1136, 1137 (9th Cir.1986); 18 U.S.C. § 4207(3); 28 C.F.R. § 2.19(a)(3). This court lacks jurisdiction to review the reliability of the sources of the information in the presentence report. *Roberts,* 812 F.2d at 1180. The Commission's determination was within the range of its discretion. *Id.* at 1181–82. Furthermore, the presentence report need not be based, as Walker suggests, only on evidence that meets the rigorous evidentiary standards required at trial. *Jones v. United States,* 783 F.2d 1477, 1480 (9th Cir.1986).

## CONCLUSION

For the reasons given above, the district court's denial of the § 2255 petition is affirmed.

AFFIRMED.