892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben MIRANDA, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Bob Roberts, Warden,
FCI-Pleasanton, Respondents-Appellees.
 No. 89-15160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1989.*
Decided Dec. 27, 1989.
 
 Before EUGENE A. WRIGHT, HUG, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant, Ruben Miranda, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2243. Miranda claims that the United States Parole Commission incorrectly computed his sentence under the Sentencing Guidelines.
 
 
 3
 Miranda contends the Parole Commission double-counted in that it used his prior convictions first to determine his true guidelines, then used those prior convictions once more to recommend that his sentence exceed the recommended guidelines. He argues that using the same action to justify a recommended parole date and to justify exceeding that date is irrational.
 
 
 4
 To double-count, the Commission must have "use[d] information to determine offense severity or salient factor score, and then use[d] the same information as a justification for going beyond the guidelines." Torres-Macias v. U.S. Parole Comm'n, 730 F.2d 1214, 1218 (9th Cir.1984).
 
 
 5
 The Commission gave Miranda an offense severity rating of 5, because his conviction involved possession with intent to distribute more than 20,000 doses, but less than 200,000 doses, of PCP. The Commission gave Miranda a salient factor score of 4, based on two prior convictions and Miranda's committing the offense for which he was convicted while on parole. However, the Commission found Miranda a poorer risk than was indicated by his salient factor score of 4, because he had two prior convictions "for offenses involving PCP," he committed the offense while on parole, and he admitted that he distributed PCP over a period of six to nine months. The Commission therefore determined that it could exceed the recommended sentence of 48-60 months.
 
 
 6
 The use of only the number of prior convictions to determine the salient factor score, where the nature of those convictions is considered as well when setting a sentence above the guidelines, does not constitute double-counting. See Walker v. U.S., 816 F.2d 1313, 1316 (9th Cir.1987) (held not to be double-counting when the salient factor score takes into account only the number, but not the nature or chronology, of prior convictions). Where the Commission determined that its decision to exceed the guidelines was warranted, in part because Miranda's prior convictions were "for offenses involving PCP," it was considering the nature of those prior convictions, not just their number.
 
 
 7
 Moreover, there is no double-counting where the Commission considers the fact that the offense occurred while on parole as a factor distinct from the severity of the current offense itself. Id. Miranda does not claim that his parole violation was used to set a higher severity rating.
 
 
 8
 Finally, the Commission considered an entirely separate permissible factor to set a higher sentence: Miranda's admission that he distributed PCP for a lengthy period of time.
 
 
 9
 Because these facts show the Commission had good cause to exceed the guidelines, the district court and this court lack jurisdiction to scrutinize the decision more closely. See id. at 1317.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3