940 F.2d 670
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Glen Dale YEATTS, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. 90-56244.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 23, 1991.*
Decided July 26, 1991.
 Before PREGERSON, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glen Dale Yeatts, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 habeas petition. Yeatts contends that the United States Parole Commission ("USPC") violated his right to due process by relying on false information in the presentence report in calculating his presumptive parole date. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 Our review of parole decisions is limited to determining whether the USPC "has acted outside its statutory authority or has committed a constitutional violation, but we may not review any decision involving the 'exercise of judgment among a range of possible choices or options.' " Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988) (quoting Wallace v. Christensen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc)). Within this unreviewable area are those judgments integral to individual parole decisions, including the nature and circumstances of the offense. Roberts v. Corrothers, 812 F.2d 1173, 1176 (9th Cir.1987). Moreover, this court lacks jurisdiction to review the reliability of the sources of the information in the presentence report. Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987). The requirements of due process are satisfied if the prisoner is apprised of the information upon which the USPC may rely in setting a parole date and has an opportunity to challenge such information. Roberts, 812 F.2d at 1179.
 
 
 4
 Here, the USPC calculated Yeatts's parole guideline range as 46-64 months and refused to grant him early parole. At his parole hearing and in an administrative appeal, Yeatts claimed that certain factual information in the presentence report, which the USPC used to determine his offense severity rating, was erroneous. The USPC rejected this claim and chose to rely on the presentence report.
 
 
 5
 The USPC's decision to rely on the information in the presentence report is within its statutory authority. See Walker, 816 F.2d at 1317 (the presentence report may serve as a basis for USPC's decision); Roberts, 812 F.2d at 1179-80 (the evaluation of evidence properly before the USPC is left almost entirely to its discretion); 18 U.S.C. Sec. 4207(3) (USPC shall consider the presentence report if it is available and relevant). Moreover, Yeatts received due process because he had notice that the USPC would consider the presentence report in setting a parole date, and he had an opportunity at his parole hearing and in an administrative appeal to challenge the allegedly false information.
 
 
 6
 In his brief on appeal, Yeatts argues that the alleged inaccuracies in the presentence report are the result of the sentencing court's failure to comply with Fed.R.Crim.P. 32. Yeatts contends that the sentencing court did not hold an evidentiary hearing or make findings on his allegations that the presentence report was factually inaccurate. This claim, however, is not cognizable in a section 2241 petition and must be raised in a motion before the sentencing court under 28 U.S.C. Sec. 2255.
 
 
 7
 Accordingly, because Yeatts failed to establish that the USPC exceeded its statutory authority or deprived him of due process, the district court properly dismissed his section 2241 habeas petition.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3