947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaime Alonzo ARAUJO-AVILA, aka Jaime Alonzo Avila,
Petitioner-Appellant,
v.
Richard H. RISON, Warden, Respondent-Appellee.
 No. 90-56168.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 29, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Alonzo Araujo-Avila, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Araujo-Avila contends that the United States Parole Commission ("USPC") wrongfully denied him release on parole by applying an ex post facto law. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Our review of parole decisions is limited to determining whether the USPC "has acted outside its statutory authority or has committed a constitutional violation, but we may not review any decision involving the 'exercise of judgment among a range of possible choices or options.' " Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988) (quoting Wallace v. Christensen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc)). Within this unreviewable area are those judgments integral to individual parole decisions, including the nature of the offense and the history of the prisoner. Roberts v. Corrothers, 812 F.2d 1173, 1176 (9th Cir.1987). This court will review a parole determination only where the USPC's evaluation of the evidence is arbitrary. Id. at 1180. Moreover, the USPC may consider information that does not meet the evidentiary standards required at trial, and this court lacks jurisdiction to review the reliability of the sources of such information. Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987).
 
 
 4
 Here, based on the information contained in the presentence report, the USPC found that Araujo-Avila was a Category Eight offender and therefore had a parole guideline range of "100+" months.
 
 
 5
 Araujo-Avila's challenge to the parole denial fails because the USPC acted within its statutory authority by relying on the information in the presentence report. See Walker, 816 F.2d at 1317 (the presentence report may serve as a basis for USPC's decision); Roberts, 812 F.2d at 1179-80 (the evaluation of evidence properly before the USPC is left almost entirely to its discretion); 18 U.S.C. § 4207(3) (USPC shall consider the presentence report if it is available and relevant). Therefore, we cannot review the parole determination because the USPC's "evaluation of the evidence was not so arbitrary as to be outside the boundary imposed by the preponderance of the evidence standard." Roberts, 812 F.2d at 1180. Moreover, the district court correctly determined that the USPC did not apply an ex post facto law because the USPC did not depart from the applicable guideline range in denying Araujo-Avila parole. See 28 C.F.R. § 2.20 (incarceration range for a Category Eight offender has no maximum limit; USPC has discretion to order Category Eight offender to serve his entire sentence in prison).
 
 
 6
 Accordingly, the district court properly dismissed his habeas petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Araujo-Avila's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3