968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John P. FLANAGAN, Petitioner-Appellant,
v.
Walter WELLS, Warden, et al., Respondent-Appellee.
 No. 91-55959.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided July 14, 1992.
 
 1
 Before BROWNING and FARRIS, Circuit Judges, and MACBRIDE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Flanagan appeals the district court's dismissal of his habeas petition. Flanagan argues that the court erred in concluding that the United States Parole Commission properly determined that he merited a category five severity rating. We affirm.[1]
 
 
 4
 The scope of judicial review of decisions of the Parole Commission is exceeding narrow. Judgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). If the Commission rendered a decision "above" the applicable guideline, this court considers whether the Commission had "good cause" for so doing, but we inquire only whether its action was "arbitrary, irrational, unreasonable, irrelevant, or capricious."
 
 
 5
 Flanagan argues that the Commission acted arbitrarily because it misconstrued its own governing regulations. Flanagan is correct that, under the regulations, the severity rating is tied to the "value of the property" involved which is defined as the "estimated replacement cost to the victim." See 28 C.F.R. § 2.20, Chapter 3, Subchapter D, § 331 (linking severity ratings with value of property); § 2.20, Chapter 13, Subchapter B, § 20 (defining "value of the property"). Flanagan is also correct that the Commission in this case looked to Flanagan's gain, in addition to his victim's loss, in calculating his severity rating. See E.R. at 116.
 
 
 6
 However, the governing regulations allow the Commission to depart from the applicable severity rating when "especially ... aggravating circumstances ... justify a ... severity rating different from that listed." 28 C.F.R. § 2.20(d). The Pre-Sentence Report contains detailed evidence of the magnitude of Flanagan's gain from his crime, see PSR at 3, and supports the finding that the crime involved more than $200,000. Thus the Commission has shown "good cause" for exceeding the severity rating recommended by the PSR, and its decision to do so was not arbitrary.
 
 
 7
 Since the Commission did not misapply its regulations, we need not reach Flanagan's argument that he was entitled to notice of any departure from the regulations.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Thomas J. MacBride, Senior Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we have the power to backdate Flanagan's parole release date, we reject the government's argument that this case is moot