978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles R. WILCOX, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION; Larry F. Taylor, Warden,
Respondents-Appellees.
 No. 92-55084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 21, 1992.*
Decided Oct. 30, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles R. Wilcox appeals pro se from the district court's denial of habeas relief arising out of Wilcox's challenge to the United States Parole Commission's ("Commission") determination of Wilcox's parole severity category based on allegedly erroneous information contained in Wilcox's presentence investigative report ("PSI"). We review de novo, see Tyler v. United States, 929 F.2d 451, 454 (9th Cir.), cert. denied, 112 S.Ct. 142 (1991), and we affirm.
 
 
 3
 In a nutshell, Wilcox contends that the Commission arrived at its total loss figure of more than $1 million by improperly considering erroneous information in Wilcox's PSI concerning the degree of loss suffered by victims of his fraudulent acts. This argument is meritless. The Commission is authorized to consider any and all relevant information contained in Wilcox's PSI. See 18 U.S.C. § 4207(3); 28 C.F.R. § 2.19(a)(3); Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987) (per curiam). While it had to resolve any factual conflicts contained in the PSI, see 28 C.F.R. § 2.19(c), the Commission is entitled to determine the weight to be given such evidence. See Walker, 816 F.2d at 1317.
 
 
 4
 Contrary to Wilcox's assertions, the record shows that the Commission arrived at a total loss figure in excess of $1 million even after accepting Wilcox's figures of a tax liability of $429,025.05 and a loss to one of his victims of $251,221.49, rather than the original figures of $922,830.73 and $800,000.00, respectively. Because the Commission's determination fell within its range of discretion, we decline "to scrutinize the decision any more closely." See Vargas v. United States Parole Comm'n, 865 F.2d 191, 195 (9th Cir.1988) (quoting Walker, 816 F.2d at 1317).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3