996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard HARRIS, Petitioner-Appellant,
v.
J.L. SIVLEY, Warden, Respondent-Appellee.
 No. 92-15429.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 15, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant challenges the denial of parole by the Parole Commission (Commission) and the National Appeals Board (NAB) claiming that the reasons given for the denial were not sufficiently particular, that the parole guidelines are arbitrary and capricious, and that the Attorney General no longer has the statutory authority to keep him in custody. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Appellant Harris was convicted of interstate transportation of forged securities, bank fraud, and mail fraud. In September of 1988, the district court imposed a sentence of five years and ordered him to pay restitution in the amount of $1,052,250. The appellant's conviction and sentence were affirmed on appeal. The appellant's motion for relief under former Fed.R.Crim.P. 35(b) was also denied.
 
 
 4
 The appellant applied for parole, but the Commission denied parole, continuing his incarceration until the expiration of his sentence. The NAB affirmed the decision of the Commission when the appellant administratively appealed the decision.
 
 
 5
 The appellant filed a petition for a writ of habeas corpus in the district court challenging the denial of parole. The district court denied the petition. The pro se appellant timely appeals that denial.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 6
 The district court had jurisdiction pursuant to 28 U.S.C. § 2241. We have jurisdiction pursuant to 28 U.S.C. § 2253 and 28 U.S.C. § 1291.
 
 
 7
 We review the denial of a petition for a writ of habeas corpus de novo. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). The scope of judicial review of the Parole Commission's decision to deny parole is exceedingly narrow. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987).
 
 III.
 DISCUSSION
 A. Issues on Appeal
 
 8
 The appellant challenges the Commission's denial of parole on several grounds. He claims the Commission did not state with sufficient particularity its reasons for the denial. He also may be claiming that the NAB similarly did not state with particularity its reason for affirming. He challenges the Parole Guidelines as arbitrary and capricious and contrary to the intent of Congress. Lastly, he claims the Attorney General no longer has the statutory authority to hold him in custody.
 
 
 9
 B. The Commission's Statement of Reasons for Denying Parole
 
 
 10
 The appellant claims that the Commission's explanation for denying his parole did not meet the statutory requirement of particularity. 18 U.S.C. § 4206(b) states:
 
 
 11
 The Commission shall furnish the eligible prisoner with a written notice of its determination not later than twenty-one days, excluding holidays, after the date of the parole determination proceeding. If parole is denied such notice shall state with particularity the reasons for such denial.
 
 
 12
 The legislative history explains what is necessary to meet the particularity requirement. The Senate report of this section says, "If a prisoner who has not served the minimum period recommended by the guidelines is denied parole, he should receive a statement containing his severity of offense rating, the calculation of his salient factors score and an explanation of how such a determination utilizing the guidelines was reached." S.Rep. No. 369, 94th Cong., 2d Sess. 25 (1975), reprinted in 1976 U.S.C.C.A.N. 335, 346.
 
 
 13
 The Commission's report denying parole to the appellant states:
 
 
 14
 Your offense behavior has been rated as Category Six severity because it involved fraud amounting to more than $1,000,000. Your salient factor score (SFS-81) is 10. You have been in federal confinement as a result of your behavior for a total of 25 months. Guidelines established by the Commission indicate a range of 40-52 months to be served for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.
 
 
 15
 Because the appellant had not served the minimum recommended by the Parole Guidelines, the statement of reasons satisfied the particularity requirement. It explained the appellant's severity of offense categorization, gave his salient factors score (the calculation is also explained in the report), and essentially explained that the Commission sees no reason to make an exception for this prisoner who has not served enough time under the guidelines to be paroled. The statement of reasons for denying the appellant parole was sufficiently particular.
 
 
 16
 This conclusion is supported by a similar case in which the Fifth Circuit held that a statement of reasons, nearly identical to the one used in this case, satisfied the particularity requirement of section 4206(b). Shahid v. Crawford, 599 F.2d 666, 671 (5th Cir.1979). That court similarly relied upon the legislative history to determine that the simple and understandable statement was sufficiently particular. Id. at 671-72.
 
 C. The National Appeals Board's Affirmance
 
 17
 The appellant may also be claiming that the NAB did not meet the particularity requirement when it affirmed the Commission. The NAB, however, is required only to inform the appellant of its decision and the reasons therefore in writing within sixty days. 18 U.S.C. § 4215(b). There is no particularity requirement. The NAB properly affirmed the Commission's decision by providing an adequate statement of reasons within the required time.
 
 D. Challenge to the Parole Guidelines
 
 18
 The appellant claims that the Parole Guidelines are arbitrary and capricious and contrary to the mandates of Congress contained in the United States Code. Specifically, he claims that 18 U.S.C. § 4205(a) mandates that a prisoner be eligible for parole after serving 1/3 of his sentence, 20 months in his case, and contrary to this mandate, his guideline range for release was 40-52 months.
 
 
 19
 If a regulation is at odds with a statute, it will not be upheld simply because it is technically consistent with it. United States v. Vogel Fertilizer Co., 455 U.S. 16, 26 (1982). Yet great deference is given to an agency's interpretation of the statute it is charged to administer. Udall v. Tallman, 380 U.S. 1, 16 (1965).
 
 
 20
 18 U.S.C. § 4203(a)(1) gives the Commission the power to promulgate regulations and guidelines concerning parole. 28 C.F.R. § 2.20 determines, based on the severity of the prisoner's offense and his likelihood of proper conduct upon release (salient factors score), when a prisoner should be released. Section 4205(a) merely sets a time at which a prisoner becomes eligible for parole, it does not determine when he is suitable to be released. The guidelines in no way contradict the statute or any congressional intent. They merely reflect the judgment of the Commission concerning when prisoners with specific characteristics are best suited to be released from incarceration. The appellant's claim that these guidelines are arbitrary, capricious, and contrary to congressional intent is baseless.
 
 
 21
 E. Attorney General's Power to Hold the Appellant in Custody
 
 
 22
 The appellant claims that because 18 U.S.C. § 4082(a) was repealed, the Attorney General no longer has the power to keep him in custody. Section 4082(a) committed a prisoner convicted of an offense against the United States to the custody of the Attorney General. When it was repealed, the Attorney General did not lose the power to hold the appellant. The general savings clause of the United States Code, 1 U.S.C. § 109, states:
 
 
 23
 The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.
 
 
 24
 There has not even been a suggestion that the repealing statute intended to divest the Attorney General of the power to hold persons committed to her custody. The appellant is validly being held in custody.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3