5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jorge F. MARTINEZ, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 92-16873.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge F. Martinez, a federal prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2241 habeas petition challenging the United States Parole Commission's decision setting a parole release date above his parole guidelines range. We review de novo, Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988), and affirm.[1]
 
 BACKGROUND
 
 3
 While on parole, Martinez was convicted of conspiracy to import counterfeit federal notes, distribution of cocaine and unlawful use of food stamps. At his parole revocation hearing, the examining committee determined that Martinez had violated his parole and recommended a presumptive parole date of thirty-four months, the top of the applicable guidelines range for an individual with an offense behavior rating of four and a salient factor score of five.
 
 
 4
 The Regional Commissioners disagreed with the examining committee's decision and referred the matter to the National Commissioners for consideration. The National Commissioners recommended a presumptive parole date of forty-eight months, fourteen months above Martinez's parole guidelines range. The Commissioners found that Martinez's multiple criminal acts while on parole made him a poorer parole risk than his salient factor score indicated. The National Appeals Board upheld the National Commissioners' decision.
 
 DISCUSSION
 I. Double-Counting
 
 5
 Martinez contends that the Commission engaged in "double-counting" by considering his criminal offenses while on parole both in setting a parole release date above its own guidelines and in calculating his offense severity rating.
 
 
 6
 The scope of our review of parole decisions is narrow. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). We may consider whether the Commission had good cause for setting a parole release date above its own guidelines, but our inquiry is limited to whether the Commission's decision was arbitrary, irrational, unreasonable, irrelevant or capricious. Id. at 1316.
 
 
 7
 This circuit has not ruled whether double-counting is permissible in the context of parole decisions. See Coleman v. Perrill, 845 F.2d 876, 879 (9th Cir.1988) (noting split in Ninth Circuit regarding double-counting). We need not reach this issue because the Commission did not engage in double-counting. Contrary to Martinez's contention, the Commission exceeded the recommended guidelines because his criminal offenses while on parole made him a poorer parole risk than indicated by his salient factor score. Because the Commission did not consider this aggravating circumstance in calculating Martinez's salient factor score, 28 C.F.R. Sec. 2.20 (1991) (setting forth the relevant variables in determining an individual's salient factor score), the Commissioners' decision to exceed the guidelines was not arbitrary or unreasonable. See Walker, 816 F.2d at 1317.
 
 II. Failure to Review Sentencing Transcript
 
 8
 For the first time on appeal, Martinez contends that the Commission failed to review a transcript of his sentencing hearing. Because there are no exceptional circumstances warranting review of this contention for the first time on appeal, we decline to address it. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martinez's motion for release pending appeal is denied