5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Respondent-Appellee,
v.
Frank P. GUERRERO, Petitioner-Appellant.
 No. 93-10143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the District of Guam, D.C. Nos. CR-75-00036-JSU, CR-75-00037-JSU; John S. Unpingco, District Judge, Presiding.
 D.Guam
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank P. Guerrero, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 petition for writ of habeas corpus. Guerrero alleges that the United States Parole Commission ("the Commission") improperly denied him parole because: (1) the record did not reflect that he was convicted of second degree murder as opposed to first degree murder; and (2) the Commission engaged in "double-counting" when they used the same action to justify a recommended parole date and to justify exceeding that date.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we review the district court's denial of habeas corpus relief de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 4
 "Judgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion." Walker v. United States Parole Comm'n, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam); Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). We may, however, review whether the Commission completely failed to consider those factors which it is required to consider in making its parole decisions. Wallace, 802 F.2d at 1551. We may also review a claim that the Commission failed to show good cause for rendering a parole decision above the recommended guidelines, but we may only inquire whether that showing was arbitrary, irrational, unreasonable, irrelevant, or capricious. Walker, 816 F.2d at 1316; see also Wallace, 802 F.2d at 1551.
 
 
 5
 After being in custody for 124 months, Guerrero's offense behavior rating of eight and salient factor score of eight indicated a minimum guideline range of 100 months to be served before release. The Commission justified its decision of forty-eight months above the minimum guideline range "because [Guerrero's] offense behavior involved the following aggravating factors: [Guerrero] murdered a Drug Enforcement Administration Agent and wounded another agent."
 
 
 6
 Guerrero contends that the Commission failed to consider relevant factors when making its decision to deny him parole. Specifically, Guerrero contends that the record used by the Commission did not specify that he was convicted of second degree murder as opposed to first degree murder.
 
 
 7
 The Commission's regulations do not distinguish between first and second degree murder in rating a prisoner's offense behavior. See 28 C.F.R. Sec. 2.20, Chapter Two, Subchapter A, Paragraph 201 ("Murder, or a forcible felony resulting in the death of person other than a participating offender, shall be graded as Category Eight."). Therefore, the Commission had sufficient information when it made the decision to deny Guerrero parole.
 
 
 8
 Guerrero also contends that the Commission engaged in "double-counting" when it used the same action to justify a recommended parole date and to justify exceeding that date.
 
 
 9
 The Commission's regulations state that "especially mitigating or aggravating circumstances in a particular case may justify a decision or a severity rating different from that listed." 28 C.F.R. Sec. 2.20(d); see also Walker, 816 F.2d at 1317. Thus, aggravating circumstances of the current offense may be used to justify a decision above the presumptive parole range. Walker, 816 F.2d at 1317. Therefore, the Commission properly considered the aggravating circumstances of Guerrero's offense to justify a decision above the presumptive parole range. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3