19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis IPPOLITO, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. 93-55301.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Louis Ippolito appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 petition for a writ of habeas corpus. Ippolito alleges that the United State Parole Commission ("the Commission") improperly set his parole date. Ippolito contends that the Commission: (1) incorrectly set his presumptive parole date by going above the recommended guidelines; and (2) failed to consider the disparity in release dates between him and his codefendant. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We affirm.
 
 
 3
 "Judgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion." Walker v. United States Parole Comm'n, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam); Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). We may, however, review a claim that the Commission failed to show good cause for a parole decision above the recommended guidelines, but we may inquire only whether that showing was arbitrary, irrational, unreasonable, irrelevant, or capricious. Walker, 816 F.2d at 1316; see also Wallace, 802 F.2d at 1551.
 
 
 4
 On 20 April 1988, Ippolito was convicted on seven drug-related counts. On 29 July 1988, Ippolito was sentenced to an aggregate term of seventeen-years imprisonment and a consecutive three-year special parole term. On 30 March 1991, Ippolito applied for parole. On 22 May 1991, Ippolito was given an initial parole hearing. The hearing panel noted that Ippolito's guideline range was forty to fifty-two months, and that he would be eligible for parole after serving sixty-eight months of his seventeen-year sentence. The panel recommended parole two years beyond the fifty-two month guideline range. The Regional Administrator agreed with the hearing panel's recommendation, but the Regional Commissioner disagreed and referred the case to the Commission for a final decision. The Regional Commissioner recommended that Ippolito be continued to the expiration of his sentence. On 25 July 1991, the Commission issued its Notice of Action ordering Ippolito to continue until the expiration of his sentence. Thereafter, Ippolito appealed the Commission's decision. On 8 April 1992, the National Appeals Board issued its notice of action in which it modified the Commission's previous decision and ordered Ippolito to "[c]ontinue to a presumptive parole after serving 96 months."
 
 
 5
 Ippolito contends that his presumptive parole date is incorrect because the Commission set his parole date too far above recommended guidelines. This contention is without merit.
 
 
 6
 Here, the Commission explained that the decision to go above the guidelines was warranted by the aggravating factor that "while on appeal from a federal drug conviction, defendant became involved in the current drug offense." The Commission has the authority to render parole decisions outside the recommended guideline range "[w]here the circumstances warrant." 28 C.F.R. Sec. 2.20(c). The regulations recognize that "especially mitigating or aggravating circumstances in a particular case may justify a decision or severity rating different from the list." 28 C.F.R. Sec. 2.20(d); see also Walker, 816 F.2d at 1317. Therefore, we conclude that the Commission's articulated reason constitutes "good cause." See 28 C.F.R. Sec. 2.20(d); see also Walker, 816 F.2d at 1317. To the extent that Ippolito argues that the Commission abused its discretion by setting his parole date too far above the recommended guidelines, we conclude that the decision is unreviewable. See Walker, 816 F.2d at 1316; Wallace, 802 F.2d at 1551.[2]
 
 
 7
 Ippolito contends that the Commission failed to consider the disparity in release dates between him and his codefendant. Ippolito argues that his parole release date, which is later than his codefendant, is inappropriate given the fact that his codefendant was more culpable. This contention is without merit.
 
 
 8
 "The parole inquiry into offense severity ... focuses on the 'actual offense behavior' of the individual prisoner." Roberts v. Corrothers, 812 F.2d 1173, 1180 (9th Cir.1987). The Commission is not limited to evidence adduced at trial in determining an individual severity rating or rendering a presumptive parole release date. Id.; see also 28 C.F.R. Sec. 2.19. The Commission went above the recommended guidelines because Ippolito was convicted of his current offense while on appeal from a previous drug offense. Thus, any disparity in release dates is based on Ippolito's own behavior and is within the Commission's discretion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Ippolito's notice of appeal was filed before the district court entered judgment, we have jurisdiction to hear this appeal. On 1 March 1993, the district court entered judgment dismissing Ippolito's habeas petition. On 26 April 1993, Ippolito filed his opening brief in this court. Therefore, because Ippolito's opening brief was filed within sixty days of the entry of judgment, we have jurisdiction to hear this appeal. See Fed.R.App.P. 4(a)(1); Allah v. Superior Court, 871 F.2d 887, 889-90 (9th Cir.1989)
 
 
 [2]
 To the extent that Ippolito contends that the Commission failed to follow its own procedures in setting his release date, we conclude that this contention is without merit