76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie GOMER, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION; C.E. Floyd, Respondents-Appellees.
 No. 95-16128.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Jimmie Gomer appeals pro se the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2241. Gomer contends that the United States Parole Commission ("Parole Commission") engaged in "double-counting" when it set his presumptive parole date above the parole guidelines range. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988), and affirm.
 
 
 3
 We review whether the Parole Commission showed good cause for setting a parole release date above its own guidelines by inquiring if that decision was arbitrary, irrational, unreasonable, irrelevant, or capricious. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam); Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc).
 
 
 4
 The Parole Commission established Gomer's parole guideline range based on the facts that he committed four bank robberies during his escape and locked the victims in a vault in one of the robberies. The Parole Commission decided that a parole date above the guidelines was warranted because Gomer was serving time for other bank robberies at the time of his escape, and three of his four most recent robberies involved locking bank employees in a closet or vault.
 
 
 5
 No double-counting occurred. The Parole Commission found that Gomer's guideline range did not account for the more serious risk Gomer presented by his predilection to lock employees in vaults or closets during bank robberies, and the fact that Gomer was serving time for other bank robberies when he escaped. The Parole Commission's use of the aggravating circumstances of Gomer's most recent crimes and Gomer's pattern of bank robberies exhibiting dangerous behavior is not arbitrary, irrational, irrelevant, or capricious. See Walker, 816 F.2d at 1316 (aggravating circumstances of current offense may justify decision above guidelines). Accordingly, the Parole Commission had good cause to set Gomer's presumptive parole date above the guidelines. See Wallace, 802 F.2d at 1551.
 
 
 6
 Because Gomer did not present in the district court his claims that the Parole Commission violated the Sentencing Reform Act of 1987 and that it violated its own rules of procedure, we refuse to consider them for the first time on appeal. See Smith v. United States Parole Comm'n, 875 F.2d 1361, 1369 (9th Cir.1988).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3