125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Roger REAVES, Petitioner-Appellant,
v.
UNITED STATES Parole Commission, Respondent-Appellee
and
P.W. KEOHANE, Warden, Respondent.
 No. 96-56058.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1997.[2]
Decided Oct. 1, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-94-04042-TJH; Terry J. Hatter, Jr., District Judge, Presiding.
 
 
 2
 Before: PREGERSON and HAWKINS Circuit Judges, and WEINER,[3] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 William Roger Reaves, a federal prisoner, appeals pro se the district court denial of his 28 U.S.C. § 2241 habeas corpus petition. In the petition, Reaves challenges the United States Parole Commission's decision setting his presumptive parole release date at 126 months. We affirm.
 
 
 4
 The facts of Reaves' criminal conduct are known to the parties and will not be repeated here except as required to flesh out our discussion. Reaves argues that the Commission calculation of his prior German hashish conviction as a Category 6 offense and its calculation of his conviction under the Travel Act, 18 U.S.C. § 371, as a Category 6 offense were arbitrary and capricious because they were not supported by the record.
 
 
 5
 While we review the district court's denial of a habeas petition de novo, Nigro v. Sullivan, 40 F.3d 990, 993 (9th Cir.1994), our review of the Commission's decision is extremely narrow. If the Commission's decision involved the exercise of judgment among a range of possible choices or options, it is unreviewable even for an abuse of discretion. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). While we may inquire whether the Commission had good cause to depart upward from a guideline range, we may only inquire whether that showing was arbitrary, irrational, unreasonable, irrelevant, or capricious. Id. (citing Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc)). As the Commission's calculation of his offense behavior is not reviewable, his appeal will be dismissed in this regard.
 
 
 6
 Reaves also argues the Commission acted arbitrarily, irrationally, unreasonably, or capriciously when it determined good cause existed to justify a presumptive parole release date outside Reaves' parole guideline range. While Reeves is correct that our standard of review of this issue is an arbitrary or capricious standard, the facts of record present a clear foundation for the Commission's good cause decision.
 
 
 7
 Reeves' primary assertion is that the Commission acted improperly in 1994 when it used his foreign escape attempts and his having previously absconded from supervision to justify departing upwards, when those factors were not cited in the Commission's original determination in 1992 and the foreign escapes were not in themselves a violation of applicable law. The Commission had clear discretion to consider his foreign escape attempts as grounds to depart upward when it reconsidered his release date.
 
 
 8
 In its initial calculation, the Commission used the foreign escapes as part of the guidelines calculation. After Reeves filed his habeas petition, the Commission recognized it had erred when it considered the foreign escapes in calculating his salient factor score and recalculated it without reference to the escapes. In its discretion, it then determined the resultant guidelines underrepresented Reeves' risk of again violating his parole when released. Reeves cites no legal authority to prevent the Commission from considering such obviously relevant factors. To the contrary, the Commission's regulations state that "aggravating circumstances in a particular case may justify a decision or a severity rating different from that listed." 28 C.F.R. § 2.20(d); see also Walker, 816 F.2d at 1317 (aggravating circumstance may be used either to justify a decision above the presumptive parole range or to increase an offense rating).
 
 
 9
 In addition, it bears noting that even if the Commission erred in considering the foreign escapes, Reeves makes no cogent argument that the Commission erred in citing the other factors it used to justify an upward departure. The Commission also cited the facts that Reeves was a major drug dealer, a sophisticated career criminal, and continued in the drug business even after being convicted and while a fugitive.
 
 
 10
 Reeves also contends the Commission was arbitrary in failing to consider the mitigating factor that Reeves helped the German authorities prosecute an IRA terrorist. Again, the record does not support this assertion. The Commission did consider this factor but decided it did not merit an earlier release date because his cooperation had already been rewarded by the German government's decision not to seek his extradition to complete his sentence. Accordingly, we conclude the Commission's decision to set his presumptive release date at 126 months was not arbitrary.
 
 
 11
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 [3]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3