145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gerald Wayne HANNAH, Defendant-Appellant.
 No. 97-35175.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon.
 Before: SCHROEDER, TROTT and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 HAGGERTY, J. Presiding
 
 
 1
 Gerald Wayne Hannah appeals the denial of his 28 USC § 2255 petition to vacate his conviction for bank robbery under 18 USC § 2113(a). In his opening brief, Hannah argues that (1) the habeas court abused its discretion by denying his motions for default and summary judgment in the section 2255 proceeding, and (2) the court which convicted him lacked jurisdiction.
 
 
 2
 Denial of the motions for default and summary judgment
 
 
 3
 The movant is entitled to default judgment when the party against whom judgment is sought "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). If a party has filed an answer or has otherwise indicated its intent to defend the action, a default judgment is not appropriate. Direct Mail Specialist, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir.1988). The district court found that the government attorney indicated his intent to defend the action by filing a notice of appearance. We can not say this finding was an abuse of discretion. The district court in its order provided numerous reasons supporting its finding of an intent to defend.
 
 
 4
 Nor can we conclude that Hannah's motion for summary judgment should have been granted. Summary judgment is appropriate when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hannah did not point to the grounds upon which judgment could be granted, but rather reiterated the timeliness argument made in his prior motion for default judgment. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, --- U.S. ----, --- S.Ct. ----, 1998 WL 213193 at * 15, note 22 (May 4, 1998). The summary judgment motion failed to provide the court with any basis from which to conclude that Hannah's § 2255 motion lacked any genuine issues of material fact.
 
 Denial of the § 2255 motion
 
 5
 Final judgments under 28 U.S. § 2255 are reviewed de novo. See Walker v. United States, 816 F.2d 1313 (9th Cir.1987). Contrary to the district court, we conclude that Hannah's section 2255 petition was not barred under AEDPA. It was filed before AEDPA was enacted. See Lindh v. Murray, --- U.S. ----, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (AEDPA does not affect a successive § 2255 petition filed before AEDPA's enactment).
 
 
 6
 Hannah asserts that the federal court which convicted him lacked jurisdiction. We review questions of jurisdiction de novo except insofar as jurisdiction turns on specific facts. United States v. Lewis, 67 F.3d 225, 228 (9th Cir.1995). It is uncontested that Hannah was convicted of robbing a bank insured by the Federal Deposit Insurance Corporation, or FDIC. Hannah contends, however, that federal courts lack jurisdiction over robbery of banks insured by FDIC (citing United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995)). The Ninth Circuit has squarely rejected this argument. See United States v. Harris, 108 F.2d 1107, 1109 (9th Cir.1997). Therefore, Hannah's section 2255 petition must fail.
 
 
 7
 Although Hannah's section 2255 petition raised the additional claim of ineffectiveness of counsel, he did not address this claim anywhere in his appellate briefs. Therefore, that claim is deemed waived. See International Union of Bricklayers & Allied Craftsmen Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) (matters not raised and argued in appellant's opening brief are not ordinarily considered).
 
 Conclusion
 
 8
 For the aforementioned reasons, the order of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4